JS-6
LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-07310 BRO (Ex)** | Date | October 22, 2013 |
|---|---|---|---|
| Title | US Bank National Association v. David Craig et al | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          (IN CHAMBERS)

**ORDER REMANDING ACTION**

On May 21, 2013, Plaintiff US Bank National Association as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp. ("Plaintiff") filed this action in Los Angeles Superior Court, North Valley District, in Chatsworth. (Compl. at 1.) On October 3, 2013, Defendant Marie King, *in pro se*, ("Defendant") removed the action to this Court. (Dkt. No. 1.) Defendant alleges the action could have been filed in this Court originally, pursuant to 28 U.S.C. § 1331, based on issues of federal law. Accordingly, Defendant removed the action pursuant to 28 U.S.C. §§ 1443, 1446, & 1447(b). (Removal ¶ 1.)

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). Whether a federal district court may properly exercise jurisdiction over an action removed from state court is entirely governed by statutory authorization by Congress. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979.) Under 28 U.S.C. § 1441, a civil action may be removed to the district court only if that court has original jurisdiction over the issues alleged in the state court complaint. Because federal courts are courts of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-07310 BRO (Ex)** | Date | October 22, 2013 |
|---|---|---|---|
| Title | US Bank National Association v. David Craig et al | | |

    In this case, Plaintiff alleges one cause of action for unlawful detainer, as defined by California Code of Civil Procedure section 1161. The Court has reviewed the complaint; there is no federal question involved in Plaintiff's allegations. According to Defendant, she properly removed this action pursuant to 28 U.S.C. § 1443(1). Section 1443(1) permits removal of either a civil action or a criminal prosecution that was initiated in state court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Stated another way, a defendant may remove under 28 U.S.C. § 1443 if she can fulfill a two-part test. Defendant must show: (1) the petitioner seeking removal is asserting as a defense rights that are granted by "explicit statutory enactment protecting equal racial civil rights"; and (2) the petitioner is also "assert[ing] that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

### I. Federal Question

    Defendant fails to meet the first requirement of the two-part test for removal under 28 U.S.C. § 1443(1). She does not explicitly identify a statutory right, but only makes vague references to the Superior Court's oppression of economically disadvantaged individuals. (Removal at 2.) Defendant argues that removal was proper under 28 U.S.C. § 1443(1) because the Los Angeles Superior Court has and enforces "rules which are oppressive to economically disadvantaged defendants, as well as discriminatory to *pro se* litigants and accordingly do not equally respect or evenly enforce private rights to due process of law, even as defined by California State Law." (Removal at 2.) According to Defendant, this effectively denies her "equal access to the Courts in violation of 42 U.S.C. §§ 1981-1982." (Removal at 2.) Defendant has not identified an explicit statutory enactment protecting racial civil rights so as to fulfill the first part of the test. (Removal at 2).

    Assuming Defendant has successfully satisfied the first prong required to remove under 28 U.S.C. § 1443(1), it is not clear she has satisfied the second prong. The Court

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-07310 BRO (Ex) | Date | October 22, 2013 |
|---|---|---|---|
| Title | US Bank National Association v. David Craig et al | | |

has read Defendant's entire removal motion, and is unable to find a single state statute or constitutional provision purporting to command state courts to ignore Defendant's rights. Defendant argues that the Los Angeles Superior Court is oppressive because they "do not require any proof of ownership or title to property prior to commencing eviction proceedings, nor any proof of lawful compliance with California law regarding the structure of non-judicial foreclosures and the recording of sales and transactions relating to foreclosure…" (Removal at 2.) Defendant cannot point to a specific California statutory or constitutional provision mandating the Superior Courts to act in a way that would deprive her of her federal rights, and fails to provide any facts to support her claim. This is insufficient to support removal under 28 U.S.C § 1443(1). Accordingly, it appears jurisdiction cannot properly be based on 28 U.S.C. § 1331.

## II. Diversity

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332. Under § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and" the dispute is between "citizens of different states."[1] The Supreme Court has interpreted the statute to require "complete diversity of citizenship," meaning it requires "the citizenship of each plaintiff [to be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

In any case, the face of the complaint is clear: the amount demanded does not exceed $10,000. (Compl. at 1.) Accordingly, it would appear the amount of controversy does not exceed the requisite $75,000, and jurisdiction based on 28 U.S.C. § 1332 is not proper in this case. Defendant therefore has not met their burden to establish federal jurisdiction based on 28 U.S.C. § 1332.

## III. Conclusion

Accordingly, having reviewed the underlying complaint and Defendant's removal papers, and having found no proper basis for subject matter jurisdiction, the Court hereby orders this action to be **REMANDED** to the Superior Court of California, County of Los

---

[1] Diversity of citizenship may also be established on other grounds that are not relevant here. *See* 28 U.S.C. § 1332.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-07310 BRO (Ex)** | Date | October 22, 2013 |
|---|---|---|---|
| Title | US Bank National Association v. David Craig et al | | |

Angeles, Northeast District, in Chatsworth.  Furthermore, **Defendant is notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and may result in the Court taking punitive remedial measures, which include ordering Defendant to appear in person before the Court and show cause why she should not be monetarily sanctioned and designated as a vexatious litigant.**

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |